■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE YANEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE (EDUARDO) GARCIA, Appellant.— Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered February 22, 1990, convicting defendant Jose Yanez of conspiracy in the second degree, criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree, and sentencing him to concurrent terms of 20 years to life imprisonment and two terms of 12-½ to 25 years imprisonment, unanimously affirmed.

Judgment, of said court and Justice, rendered March 16, 1990, convicting defendant Jose (Eduardo) Garcia of two counts of criminal sale of a controlled substance in the first degree, and three counts of criminal sale of a controlled substance in the second degree and conspiracy in the second degree, and sentencing him to two concurrent terms of 15 years to life imprisonment, to run concurrently with four terms of 8⅓ years to life imprisonment, respectively, unanimously affirmed.

Defendants' respective motions to controvert the eavesdropping warrant were properly denied. A " ' "common sense" ' " *(United States v Ruggiero,* 726 F2d 913, 924, *cert denied sub nom. Rabito v United States,* 469 US 831) review of the affidavit offered to the issuing court reveals that normal investigative procedure had been tried and had failed (CPL 700.15 [4]). The authorities were looking for co-conspirator Smith's drug suppliers, and the affidavit, inter alia, established that authorities made several significant narcotics purchases from Smith and had traced him to a New Jersey house. It also showed that Smith's base of operations, an apartment

in a multiple dwelling, and his home, located in a residential neighborhood, presented surveillance problems. At least one of the doormen at the apartment building was cooperating with Smith, and the police feared that an unknown vehicle would arouse suspicion in a residential neighborhood *(see, People v Campaigni,* 151 AD2d 1010, *lv denied* 74 NY2d 845). The affidavit also established that the informant who was used to gain access to Smith did not know Smith's suppliers, and that the authorities had tried to make headway in identifying these suppliers via installation of less intrusive pen register devices *(Smith v Maryland,* 442 US 735, 745-746). Accordingly, the affidavit established that the authorities satisfied their obligation to exhaust normal investigative procedures. The affidavit recited more than a bare, generalized statement that other investigative methods would be unsuccessful *(United States v Lilla,* 699 F2d 99).

Defendants also claim on appeal that the trial court erred by improperly amending the indictment in its charge and by failing to give proper and balanced instructions concerning multiple conspiracies. As a preliminary matter these claims have not been preserved as to defendant Garcia. His counsel did not voice any complaint about the charge given or join the objections made by counsel for Yanez. In any event, these claims are without merit. The court's charge, as given, was correct. The court gave a proper definition of the elements of the crimes charged and clearly conveyed to the jury that the defendants' guilt rested on the jury's finding that the defendants were criminally responsible for the direct sales of narcotics by Smith to an undercover police officer. There is no reasonable view of the entire charge by which the jury could have found the defendants liable for transferring drugs to Smith, but not liable for the subsequent transfer of the same drugs to the police officer who subsequently bought them from Smith. The jury was informed that the defendants were charged under a theory of having acted in concert with each other and with Smith. The court in fact told the jury that in determining the guilt of each defendant, the jury had to find that the particular defendant "intended that narcotics be sold by the other people with whom the particular defendant is charged with acting in concert", and Smith was the only person dealing with the undercover officer.

The court's multiple conspiracy charge was adequate under *People v Leisner* (73 NY2d 140) because the instructions made plain that the determination as to whether a single conspiracy was demonstrated by the evidence was a question of fact. The

court also stated in no uncertain terms that the defendants were entitled to an acquittal in the event the jury did not find the existence of overall conspiracy.

The unpublished decision and order of this Court entered herein on December 17, 1991, is hereby recalled and vacated. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ.